IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT MCCONNELL, III, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| URBAN WILDLIFE CONTROL, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Roberts McConnell, III ("McConnell" or "Plaintiff"), and files this Complaint against Defendant Urban Wildlife Control, Inc. ("Defendant" or "Urban Wildlife"), and shows the following:

### I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant Urban Wildlife Control, Inc. is a Georgia corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from November 9, 2013 to February 3, 2014.

7.

During the last two years, Plaintiff has been an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

During the last two years, Plaintiff has been employed by Defendant as a non-exempt "repair tech" paid on an hourly basis and entitled to overtime compensation for hours worked in excess of 40 in a workweek.

9.

During the last two years, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for all hours worked over (40) in such weeks.

### III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from November 9, 2013 to February 3, 2014.

7.

During the last two years, Plaintiff has been an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

During the last two years, Plaintiff has been employed by Defendant as a non-exempt "repair tech" paid on an hourly basis and entitled to overtime compensation for hours worked in excess of 40 in a workweek.

9.

During the last two years, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for all hours worked over (40) in such weeks.

10.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

11.

During the last two years, Defendant suffered or permitted Plaintiff to work in excess of (40) hours in given workweeks without receiving overtime compensation.

12.

During the last two years, Defendant knew or had reason to know that Plaintiff worked in excess of (40) hours in given workweeks without receiving overtime compensation.

13.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

14.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

15.

During the last two years, Plaintiff was paid an hourly rate for all hours worked, without overtime compensation calculated at one and one-times his regular rate of pay for hours he worked in excess of (40) hours in given workweeks.

16.

Defendant is a private employer and its gross annual volume of sales exceeds $500,000.

## Count I

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

17.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

18.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

19.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

20.

Defendant suffered and permitted Plaintiff to work more than (40) hours per week without overtime compensation.

21.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by failing to compensate Plaintiff at the required overtime rate.

22.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

23.

Defendant's violations of the FLSA were willful and in bad faith.

24.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

### Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D)   Grant Plaintiff leave to add additional state law claims if necessary; and

(E)  Award Plaintiff such further and additional relief as may be just and appropriate.

This 14th day of April, 2014.

**BARRETT & FARAHANY, LLP**

/s/ V. Severin Roberts
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin F. Barrett
Georgia Bar No. 039586
V. Severin Roberts
Georgia Bar No. 940504
Attorneys for Plaintiff Robert McConnell, III.

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile